# IN THE UNITED STATES DISTRIC COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| WILLIAM CAVITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Docket No. 2:06cv80 |
| BOB WILLS, AKA BOBBY RAY ) | TWELVE PERSON |
| WILLS, AKA W. B. WILLS; BETTY ) | JURY DEMANDED |
| SUE WILLS; SAM GERHARDT, AKA ) | |
| S. L. GERHARDT; DEBORAH ) | |
| GERHARDT, AKA DEBBIE ) | |
| GERHARDT, DBA MOUNTIAN PARK ) | |
| BOARDING ACADEMY, AARON ) | |
| SMITH, AND PALM LANE BAPTIST ) | |
| CHURCH, INC., ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF BOB WILLS AND PALM LANE BAPTIST CHURCH, INC.

Come Bob Wills and Palm Lane Baptist Church, Inc., and for answer to the Complaint filed against them herein say:

    1.    For answer to the averments contained in paragraph 1 of the Complaint, these defendants admit that the plaintiff has brought suit under the various theories stated but deny that these theories are applicable or that there should be any recovery therefore.

    2.    These defendants are without knowledge or information to either admit or deny the allegations contained in paragraph 2 of the Complaint and therefore same are denied and strict proof is demanded thereof.

    3.    The allegations contained in paragraph 3 of the Complaint are admitted.

4.    The allegations contained in paragraph 4 of the Complaint are admitted as stated.

5.    For answer to the averments contained in paragraph 5 of the Complaint, these defendants say that there is only one plaintiff and they challenge whether diversity jurisdiction should apply in this case.

6.    The allegations contained in paragraph 5 of the Complaint are denied. These defendants move to dismiss this claim for improper venue, under 28 U.S.C. § 1391.

7.    For answer to the averments contained in paragraph 7 of the Complaint, it is admitted that Mountain Park Baptist Church operated a boarding school for children in Missouri. The allegations of paragraph 7 do not relate to defendant Park Lane and hence are neither admitted nor denied.

8.    The allegations contained in paragraph 8 of the Complaint are admitted.

9.    Defendants admit that Mountain Park Baptist Chruch, which operated the Mountain Park Baptist Academy as its mission, did not apply to Wayne County, Missouri for a charitable exemption for that portion of the property utilized by Mountain Park Baptist Church for its mission, that Mountain Park Baptist Boarding Academy. Defendants deny all remaining allegations in paragraph 9 of the Complaint.

10.    The allegations contained in paragraph 10 of the Complaint are denied.

11.    The averments of paragraph 11 are not relevant and these defendants move to strike these averments.

12.    The averments contained in paragraph 12 of the Complaint are generally denied as stated, but it is admitted that students at Mountain Park were loved in a structured and Christian atmosphere.

13.    The averments contained in paragraph 13 of the Complaint are denied.

14. The averments contained in paragraph 14 of the Complaint are admitted.

15. The averments contained in paragraph 15 of the Complaint are denied.

16. The averments contained in paragraph 16 of the Complaint are denied.

17. For answer to the averments contained in paragraph 17 of the Complaint, it is admitted that students were expected to obey the rules of Mountain Park Boarding Academy. The remaining averments are denied.

18. The averments contained in paragraph 18 of the Complaint are denied as stated.

19. The averments contained in paragraph 19 of the Complaint are denied.

20. The averments contained in paragraph 20 of the Complaint are denied as stated.

21. The averments contained in paragraph 21 of the Complaint are denied.

22. For answer to the averments contained in paragraph 22 of the Complaint, it is admitted that Mountain Park Boarding Academy undertook security measures for the safety of its students. The remaining averments contained in paragraph 22 are denied as stated.

23. The averments contained in paragraph 23 of the Complaint are admitted.

24. The averments contained in paragraph 24 of the Complaint are denied.

25. The averments contained in paragraph 25 of the Complaint are denied as stated.

26. The averments contained in paragraph 26 of the Complaint are denied.

27. The averments contained in paragraph 27 of the Complaint are denied.

28. The averments contained in paragraph 28 of the Complaint are denied.

29. The averments contained in paragraph 29 of the Complaint are denied.

30. The averments contained in paragraph 30 of the Complaint are denied.

31. The averments contained in paragraph 31 of the Complaint are denied.

32. The averments contained in paragraph 32 of the Complaint are denied.

33. The averments contained in paragraph 33 of the Complaint are denied.

34. The averments contained in paragraph 34 of the Complaint are denied.

35. The averments contained in paragraph 35 of the Complaint are denied.

36. The averments contained in paragraph 36 of the Complaint are denied.

37. The averments contained in paragraph 37 of the Complaint are denied.

38. Defendants admit that officers of Mountain Park receive and exercise powers of attorneys from the parents of its students, but deny the remaining allegations in Paragraph 38 of Plaintiff's Complaint.

39. The averments contained in paragraph 39 of the Complaint are denied.

40. The averments contained in paragraph 40 of the Complaint are denied.

41. The averments contained in paragraph 41 of the Complaint are denied.

42. For answer to the averments contained in paragraph 42 of the Complaint, it is admitted that orientation guides had certain duties with respect to students in their charge. The specific averments of paragraph 42 are denied as stated.

43. Defendants admit that the orientation guide is required to be close to the assigned student 24 hours per day, seven days per week, but deny the remaining allegation of Paragraph 43.

44. The averments contained in paragraph 44 of the Complaint are generally denied. It is admitted that Mountain Park Boarding Academy had a safety patrol, but the specific averments of paragraph 44 are denied as stated.

45. The averments contained in paragraph 45 of the Complaint are denied.

46. The averments contained in paragraph 46 of the Complaint are denied as stated.

47. The averments contained in paragraph 47 of the Complaint are denied.

48. The averments contained in paragraph 48 of the Complaint are denied.

49. For answer to the averments contained in paragraph 49 of the Complaint, it is admitted that plaintiff is seeking compensation in this lawsuit, but it is denied that there are multiple plaintiffs herein or that he is entitled to any compensation whatsoever from either of these defendants under any theory stated in the Complaint.

50. For answer to the averments contained in paragraph 50 of the Complaint, it is denied that said statute is applicable or that these defendants are guilty of any violation whatsoever.

51. The averments contained in paragraph 51 of the Complaint are denied.

52. The averments contained in paragraph 52 of the Complaint are denied as stated.

53. The averments contained in paragraph 53 of the Complaint are denied as stated.

54. The averments contained in paragraph 54 of the Complaint are denied.

55. The averments contained in paragraph 55 of the Complaint are denied.

56. For answer to paragraph 56 of the Complaint, these defendants incorporate by reference all answers previously made herein.

57. The averments contained in paragraph 57 of the Complaint are admitted.

58. The averments contained in paragraph 58 of the Complaint are denied as stated.

59. For answer to the averments contained in paragraph 59 of the Complaint, these defendants cannot respond to what the plaintiff may have feared, but these defendants deny all abusive behavior alleged.

60. For answer to the averments contained in paragraph 60 of the Complaint, it is admitted that students were asked as part of their chores to haul firewood. The remaining averments of paragraph 60 of the Complaint are denied.

61. For answer to the averments contained in paragraph 61 of the Complaint, these defendants incorporate by reference all answers previously made herein.

62. These defendants are without knowledge or information to either admit or deny the allegations contained in paragraph 62 of the Complaint and therefore same are denied and strict proof demanded thereof.

63. The allegations contained in paragraph 63 of the Complaint are denied.

64. For answer to paragraph 64 of the Complaint, these defendants incorporate by reference all answers previously made herein.

65. The allegations contained in paragraph 65 of the Complaint are denied.

66. The allegations contained in paragraph 66 of the Complaint are denied.

67. The allegations contained in paragraph 67 of the Complaint are denied.

68. For answer to paragraph 68 of the Complaint, these defendants incorporate by reference all answers previously made herein.

69. The allegations contained in paragraph 69 of the Complaint are denied as stated.

70. The allegations contained in paragraph 70 of the Complaint are denied as stated.

71. For answer to the averments contained in paragraph 71 of the Complaint, it is admitted that the plaintiff transferred to Palm Lane Academy. The remaining averments contained in paragraph 71 of the Complaint are denied.

72. These defendants are without knowledge as to the allegations contained in paragraph 72 of the Complaint.

73. The allegations contained in paragraph 73 of the Complaint are denied as stated.

74. For answer to paragraph 74 of the Complaint, these defendants incorporate by reference all answers previously made herein.

75. The allegations contained in paragraph 75 of the Complaint are denied.

76. The allegations contained in paragraph 76 of the Complaint are denied.

77. The allegations contained in paragraph 77 of the Complaint are denied as stated.

78. For answer to the averments contained in paragraph 78 of the Complaint, it is admitted that the plaintiff was a staff member at Palm Lane for a short period of time. The remaining averments contained in paragraph 78 of the Complaint with respect to negligence on the part of these defendants are denied.

79. For answer to paragraph 79 of the Complaint, these defendants incorporate by reference all answers previously made herein.

80. The allegations contained in paragraph 80 of the Complaint are denied.

81. The allegations contained in paragraph 81 of the Complaint are denied as stated.

82. The allegations contained in paragraph 82 of the Complaint are denied as stated. It is further denied that any informed consent was required from the plaintiff.

83. For answer to the averments contained in paragraph 83 of the Complaint, it is admitted that Mountain Park had security features for the protection of students and that some of the specific allegations with respect to the particulars of these features are correct. The remainder of paragraph 83 is denied.

84. The allegations contained in paragraph 84 of the Complaint are denied.

85. For answer to paragraph 85 of the Complaint, these defendants incorporate by reference all answers previously made herein.

86. The allegations contained in paragraph 86 of the Complaint are denied as stated.

87. For answer to the averments contained in paragraph 87 of the Complaint, it is admitted that the plaintiff participated in building a fence at Mountain Park. It is admitted that the weather was occasionally hot and that the work could be difficult.

88. The allegations contained in paragraph 88 of the Complaint are denied as stated.

26. The allegations contained in the second paragraph 26 of the Complaint are denied as stated.

89. The allegations contained in paragraph 89 of the Complaint are admitted.

90. The allegations contained in paragraph 90 of the Complaint are denied as stated.

91. The allegations contained in paragraph 91 of the Complaint are denied.

92. The allegations contained in paragraph 92 of the Complaint are admitted.

93. For answer to the averments contained in paragraph 93 of the Complaint, it is admitted that the plaintiff had work duties while a paid staff member. It is denied that all of the duties listed in paragraph 93 of the Complaint were constant duties or unpaid.

94. For answer to the averments contained in paragraph 94 of the Complaint, it is admitted that the plaintiff was a full time staff member during the time stated. The remaining averments contained in paragraph 94 of the Complaint are denied.

95. For answer to the averments contained in paragraph 95 of the Complaint, it is admitted that the plaintiff is seeking compensation in this suit. It is denied that he is entitled to any compensation from these plaintiffs on any basis whatsoever.

96. For answer to the averments contained in paragraph 96 of the Complaint, these defendants join with plaintiff and demand a jury to try this cause.

## AFFIRMATIVE DEFENSES

97. This court lacks proper venue pursuant to 28 U.S.C. § 1391 and these defendants move to dismiss on that basis pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

98. These defendants rely upon the applicable statutes of limitation for the state of Missouri and say that these claims are not timely under said statutes and move to dismiss on that basis.

99. Defendant Park Lane Baptist Church says that this court does not have jurisdiction over its person and moves to be dismissed on that basis pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

100. These defendants challenge proper service of process upon them and move to dismiss on that basis pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

101. The Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

102. Plaintiff has failed to plead his claims with sufficient particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.

103. Plaintiff's Complaint for punitive damages fails to state a claim for which relief can be granted and it violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States.

104. For affirmative defense, Defendants state that the negligence claims brought against them are barred because any damages suffered by the Plaintiff was caused in whole or in part by his own lack of due care, negligence and fault.

105. Defendants plead the affirmative defense of comparative fault under the law of Missouri.

106. These defendants challenge the propriety Attorney Oscar Stilley's Pro Hac Vice admission to this court and move that this Complaint be dismissed on that basis.

107. This court lacks subject matter jurisdiction inasmuch as the amount in controversy does not exceed $75,000.00 and these defendants move to dismiss on this basis.

108. Any and all other averments of the Complaint not hereinabove admitted, denied, or explained are here and now denied as though set forth specifically and denied.

**AND NOW HAVING FULLY ANSWERED,** Defendants Bob Wills and Park Lane Baptist Church, Inc. join issue with the Plaintiff, move to be dismissed with their costs, or, alternatively demand a jury to try this cause.

**RESPECTFULLY SUBMITTED** this _____ day of _____, 2006.

Respectfully submitted,

**KENNERLY, MONTGOMERY & FINLEY, P.C.**


By  s/Brian H. Trammell
    Brian H. Trammell, BPR #010140
    Attorney for Bob Wills and Park Lane
    Baptist Church, Inc.
    4th Floor, Bank of America Center
    550 Main Street
    Knoxville, Tennessee  37902
    865/546-7311

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2006, a copy of the foregoing Answer of Bob Wills and Palm Lane Baptist Church, Inc. was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

**KENNERLY, MONTGOMERY & FINLEY, P.C.**

By:   s/Brian H. Trammell
      Brian H. Trammell, Esq., BPR#01040