IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED

FEB 25 1987

THOMAS C. CAVER, CLERK
BY _____
DEPUTY CLERK

CANDY H., etc.,

    Plaintiffs,

TONYA B., etc.,

    Plaintiff-Intervenors,

v.

REDEMPTION RANCH, INC.,

    Defendants.

CIVIL ACTION NO. 82-100-N

## CONSENT AGREEMENT

This action was initiated by Candy H., Brenda M., and Tonya B., former residents of the Bethesda Home for Girls in Hattiesburg, Mississippi ("the Home"), against the Home and Rev. Bob Wills who operated the Home. The plaintiffs sued on behalf of themselves and as class representatives of present and future residents at the Home. They sought declaratory and permanent injunctive relief alleging that the defendants violated certain of their constitutional rights, certain rights guaranteed them under the provisions of 42 U.S.C. Section 1985(3) and certain rights guaranteed them by state law.

The defendants, throughout the course of this litigation, have denied that they have violated the alleged rights, and further maintain that the Home's program is religiously based and approved by the parents of the girls at the Home.

The plaintiffs seek to protect their own alleged interests and that of the classes they represent including, <u>inter alia</u>, those persons who are residing at the Home or who may reside at the Home in the future. The defendants also seek to protect the alleged interests of the residents of the Home and to preserve the integrity and effectiveness of the religious ministry to the residents of the Home. Plaintiffs and defendants each believe that they would prevail at a trial on the merits of these issues. However, in order to avoid the excessive burdens and costs of further litigation, the plaintiffs and defendants have entered into this consent agreement which they intend will be entered as an order of this court. Nothing in this agreement shall constitute or be construed as a finding or admission that the defendants have violated any of the alleged laws or constitutional rights.

Accordingly, the undersigned agree that the following conditions shall exist at the Home until this litigation is terminated by the Court. This agreement is subject to the approval of the United States District Court. Each party reserves the right to rescind agreement to this Consent Agreement in the event that the Court does not approve any term deemed essential by that party. This consent agreement shall be effective only upon approval of the Court. The terms of this Consent Agreement are as follows:

## I. REMOVAL PROCEDURE

### A.

Parents, legal guardians, or non-custodial parents having visitation rights shall be allowed to remove a resident from the Home at any time and for any reason. Any time a resident desires to leave the Home, she shall immediately be allowed to express her desire to leave by making a non-monitored telephone call and/or writing to her parents, legal guardians, or non-custodial parent having visitation rights.

### B.

No resident shall be restricted either directly or indirectly, from leaving the Home by any agreed means, when the resident has obtained permission to leave from her parents, legal guardians, or non-custodial parent having visitation rights, and has arranged for her departure.

### C.

No resident will be disciplined or adversely treated for expressing a desire to leave the Home so long as the expression of that desire does not disrupt the operation of the Home.

## II. COMMUNICATION OUTSIDE THE HOME

### A. MAIL

1.

All mail sent to a resident from her immediate family must be given to that resident. The term immediate family as used herein means parents, legal guardians, brothers, sisters, or others who are approved by the parents/legal guardian(s).

2.

Mail sent to a resident from any family member may be read by the Home, but under no circumstances may it be censored. If the Home finds something objectionable in the mail, the Home may return the mail to the parents or guardians with an explanation of the reason(s) the Home finds it objectionable. However, all such returns shall also instruct the parents or guardians, that if he/she still wants the letter to be delivered (including all portions the Home deems objectionable), the uncensored mail will be delivered to the resident.

3.

Mail sent from a resident to any family member may be read by the Home, but under no circumstances may it be censored.

## B. TELEPHONE CALLS

### 1.

Parents, legal guardians, or non-custodial parents having visitation rights may telephone the residents at any time and those telephone calls shall not be monitored.

### 2.

Residents will be allowed to place a collect phone call once during the first thirty (30) days of their residence at the Home to their parents, legal guardians, or non-custodial parents having visitation rights, which calls shall not be monitored. This provision shall be superseded by Section I.A., in the event the resident wishes to make the call to express a desire to leave the Home.

### 3.

After the first thirty (30) days, residents will be allowed to place two collect phone calls per month to their parents, legal guardians or non-custodial parent having visitation rights. As in paragraph 2., above, Section I.A. takes precedence over this provision, in the event a resident wishes to make the call to express a desire to leave the Home.

No phone calls to parents, legal guardians, or non-custodial parents having visitation rights shall be monitored.

## C. VISITATION

1.

Parents, legal guardians, or non-custodial parents having visitation rights may visit the residents at any time, provided the visit is prearranged so that the girl visited is present and not at a time conflicting with any important committment such as a test.

2.

Parents, legal guardians, or non-custodial parents having visitation rights shall be allowed to visit in private with the residents.

3.

Parents, legal guardians, or non-custodial parents having visitation rights may remove the residents from the property of the Home during their visitation, upon oral notice by the visitor at the visit.

## III. DISCIPLINE

A.

Employees at the Home may use reasonable corporal discipline as a means of disciplining residents by administering "licks" with a paddle. The size and type paddle shall be agreed on by counsel for the parties. No more than 8 licks shall be administered to a resident in any five day period. No licks shall be administered to pregnant residents. All "licks"

administered shall be accurately recorded and shall include the name of the recipient, the date, the number of "licks" received, and the reason the "licks" were administered.

B.

The method described in the preceding paragraph for administering corporal discipline shall be the exclusive method of corporal discipline used by the Home.

C.

No resident will be disciplined in any way for observing or discussing injuries resulting from the use of corporal discipline. However, if a resident acts in a manner that is designed to disrupt the operation of the Home, appropriate disciplinary action may be taken.

D.

No resident will be disciplined in any way for reporting injuries resulting from the use of corporal discipline. However, if the resident acts in a manner that is designed to disrupt the operation of the Home, appropriate disciplinary action may be taken.

E.

No resident will be disciplined in any way for reporting that the defendants are in violation of the terms of this decree. However, if the resident acts in a manner that is

designed to disrupt the operation of the Home, appropriate disciplinary action may be taken.

## IV. ADOPTIONS

All adoptions of babies born of residents under the supervision of the Home shall be governed by applicable state law.

## V. RUNAWAY

Should a resident of the Home run or attempt to run, within 48 hours, the defendants shall notify the parents, legal guardians, or non-custodial parent having visitation rights. In the case of a runaway, this notice shall be in writing, a copy of which shall also be given to the Forrest County Mississippi Sheriff's office.

## VI. MENSTRUAL PERIODS

The defendants shall notify, in writing, the parents, legal guardians, or non-custodial parent having visitation rights when any resident does not have a menstrual period for a term of three consecutive months from the time of her entry into the Home or for any other consecutive three month term while a resident of the Home.

## VII. MONITORING

### A.

Plaintiffs' counsel may monitor defendants' compliance
with the terms of this decree through their own efforts which

-8-

include but are not limited to continued use of confidential sources of information.

### B.

These confidential sources have been used and developed by plaintiffs' counsel throughout the pendency of this litigation.

### C.

Without use of those confidential sources, it will be impossible for plaintiffs' counsel to effectively monitor compliance with this decree and adequately represent the plaintiff class.

### D.

Because of the importance of these confidential sources, and other sources which plaintiffs' counsel have developed for the successful monitoring of compliance with this agreement, the defendants, their agents and assigns agree not to attempt to ascertain the identity of plaintiffs' counsel's sources of information either confidential or otherwise or to attempt to discover the contents or existence of any of the files maintained by plaintiffs' counsel concerning this litigation through any means including but not limited to the questioning of residents of the Home, the parents, legal guardians or non-custodial parents who have visiting rights or through any court action. In the event either party reopens the litigation, the

parties are agreed that as to any discovery by defendants that plaintiffs contend may result in the disclosure of plaintiffs' sources of information, the Court shall determine if the discovery may be had in part or totally without disclosing plaintiffs' counsel's sources of information. As far as practical, plaintiffs' counsel shall submit any disputed discovery item under seal for the Court to make an <u>in camera</u> decision as to the discoverability of that item.

The plaintiffs shall not (unless they have solicited information of an event or circumstance which causes them to believe that a girl has admissible evidence which demonstrates a violation of this decree) initiate contact with a girl at Bethesda for the purpose of obtaining information from that girl nor shall plaintiffs deliberately "plant" a girl at Bethesda for purposes of surveillance. In the event that defendants have reasonable cause to believe that plaintiffs have initiated contact or "planted" a girl in the Home, they will be permitted to conduct an inquiry into the matter. Defendants, their agents and assigns shall not be precluded from taking such action as deemed necessary by them to protect the best interests of all residents at Bethesda in the event that an informant (initiated or "planted" by plaintiffs, as opposed to self-initiated to report a violation of this decree) is discovered, and such action may include removal of the informant from Bethesda. The defendants, their agents and assigns shall not embark on a mission designed to discover who may or may not be communicating with the plaintiffs.

## VIII. ENFORCEMENT

Plaintiffs or defendants may apply to the Court for an Order which would enforce the terms of this Decree or for any other relief which may be appropriate, provided the relief is consistent with the terms of this decree. Plaintiffs' counsel shall contact the defendants' counsel notifying them that the defendants are believed to be in violation of the terms contained herein prior to applying to the Court for an order to enforce the Decree. Plaintiffs and defendants at that point will make reasonable, good faith efforts to resolve any disputed term or any disputed violation of this Decree.

## IX. CLASS ACTION

This action shall be certified as a class action pursuant to Federal Rules of Civil Procedure Rule 23 (b)(2) and the class so certified shall include all past, present and future residents of the Home. This Order shall extend to all members of the plaintiff class and shall constitute the exclusive and entire relief for the class members of non-monetary claims for declaratory and injunctive relief regarding the rights and interests alleged by the plaintiffs. Individual class members shall not be precluded from filing individual lawsuits for compensatory and punitive damages, nor shall defendants be precluded from filing individual lawsuits for damages or violation of civil rights. Such lawsuits shall not be filed as a part of this case. This action shall not be the basis for

transfer or change of venue for any such lawsuits filed b[y] either individual class members or defendants. This decre[e] shall not be construed as a finding or admission that th[e] defendants have violated any of the laws or constitutiona[l] rights herein addressed.

Candy H., Tonya B. and Brenda M. shall be designated a[s] representatives for the class.

## X. NOTICE

A copy of this Decree shall be provided to the parents[,] guardians, and non-custodial parents having visitation rights[,] whose girls are presently residing at Bethesda Home for Girl[s] and to the parents, guardians, and non-custodial parents havin[g] visitation rights, whose girl is admitted to the Home in th[e] future. Parents or legal guardians having girls at the Home ma[y] contact the Plaintiffs' counsel regarding activities of the Hom[e] and the Defendants shall not take any legal action against thos[e] parents or legal guardians who supply information to th[e] Plaintiffs' counsel.

All girls entering the Home will be provided a[n] opportunity to review this Decree, prior to or at the time o[f] admission. All girls presently in the Home will also b[e] provided an opportunity to review this decree.

## XI. TERM OF AGREEMENT

The Consent Agreement shall be in full force and effect for a period of two years. At the conclusion of this period the Defendants may apply to the Court for a termination of the Consent Decree. The Court may either extend or terminate the Consent Decree, but shall terminate it upon a showing of good faith compliance by the Defendants and a showing that the Home will continue to comply in spirit and principle with the Decree.

## XII. ATTORNEY FEES

Up to the date of this decree, each party shall bear his, her or its own costs of this action and each party shall bear his, her or its own attorney fees. This provision shall have no effect on actions taken to enforce the terms of this Agreement.

DONE this 19 day of December, 1986.

_____  _____
Candy H. as Class Represen-  Bob Wills, as President of
tative by Her Attorney       Redemption Ranch, Inc.,
                             Defendant.

_____  _____
Tonya B. as Class Represen-  Bethesda Home for Girls by
tative by Her Attorney       Bob Wills, Defendant

_____  _____
Brenda M. as Class Represen- Bob Wills, Defendant
tative by Her Attorney

_(signature)_  
Morris Dees  
Dennis N. Balske  
Attorneys for Plaintiffs  
P.O. Box 2087  
Montgomery, AL  36102-2087  
(205)264-0286

_(signature)_  
David C. Gibbs, Jr.  
Daniel Jon Loomis  
Attorneys for Defendants  
100 Erieview Plaza, 34th Floor  
Cleveland, Ohio  44114  
(216)696-3900

It is the ORDER, JUDGMENT, and DECREE of the court that this consent decree is adopted as the order of the court, and it is so ORDERED.

DONE, this the 25th day of February, 1987.

_(signature)_
UNITED STATES DISTRICT JUDGE

EOD  2/25/87

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FILED

FEB 25 1987

THOMAS C. CAVER, CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| CANDY H. and BRENDA M., etc., ) | |
| Plaintiffs, ) | |
| TONYA B., etc., ) | |
| Plaintiff-Intervenor, ) | CIVIL ACTION NO. 82-100-N |
| v. ) | |
| REDEMPTION RANCH, INC., et al., ) | |
| Defendants. ) | |

ORDER

The plaintiff class members having filed no objections to the parties' proposed consent decree, it is ORDERED that the parties' proposed consent decree is approved.

DONE, this the 25th day of February, 1987.

_____
UNITED STATES DISTRICT JUDGE