# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | | |
|---|---|---|
| WILLIAM CAVITT | ) | |
| | ) | |
| v | ) | NO: 2:06-CV-80 |
| | ) | |
| BOB WILLS, *ET AL.* | ) | |
| | ) | |

## MEMORANDUM OPINION

The plaintiff's complaint is before the Court on the defendants' motion to dismiss. [Doc. 22]. The plaintiff brought this complaint asserting causes of action for assault, fraudulent misrepresentation/breach of contract, intentional and/or negligent infliction of emotional distress, negligence, false imprisonment, and failure to pay minimum wage and overtime. The defendants assert that each of these causes of actions is barred by the applicable statute of limitations. In response, the plaintiff concedes that his causes of action for assault, false imprisonment and failure to pay minimum wage and overtime are barred by the applicable statute of limitations. Accordingly, those claims will be DISMISSED.

## Background

The plaintiff, whose birth date is April 22, 1982, is a resident of the State of California. While still a minor, the plaintiff was sent to Mountain Park

Boarding Academy ("Mountain Park") in Missouri around the middle of August 1999. In or about August 2000, the plaintiff was transferred from Mountain Park in Missouri to Palm Lane Boarding Academy ("Palm Lane") in Florida. The plaintiff alleges that the individual defendants operated both facilities, which plaintiff describes as private detention facilities for children.

The plaintiff was a student at these facilities from about August, 1999 until about June, 2001. The plaintiff was a Palm Lane staff member from about June 2001 until about August, 2001. At the time the plaintiff was transferred to Palm Lane, he was 18 years old. The plaintiff left Palm Lane at 19 years of age, and turned 21 years old on April 22, 2003.

**Standard of Review**

A motion to dismiss under *Fed. R. Civ. P.* 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.), *cert. denied,* 498 U.S. 867 (1990); *see also Cameron v. Seitz*, 38 F.3d 264, 270 (6th Cir. 1994). The Court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,*

898 F.2d 1196, 1199 (6th Cir. 1990); *Miller v Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller*, 50 F.3d at 377. However, the complaint must articulate more than a base assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id*. (citations omitted).

## Analysis

The plaintiff asserts claims related to both his stay at Mountain Park in Missouri and at Palm Lane in Florida. The parties appear to agree that Missouri's law applies to all claims related to Mountain Park and that Florida law applies to all claims related to Palm Lane.

In Missouri, the statute of limitations is tolled, as to most causes of action, for persons under the age of 21. Mo. Rev. Stat. § 516.170 provides, in pertinent part, "[e]xcept as provided in section 516.105, if any person entitled to bring an action in sections 516.100 to 516.370 specified, at the time the cause of action accrued be . . . within the age of twenty-one years, . . . such person shall be

at liberty to bring such action within the respective times in § 516.100 to 516.370 limited after such disability is removed."

The statute of limitations for actions other than for the recovery of real property in the State of Florida are contained within Fla. Stat. Ann. § 95.11, providing different limitation periods for different causes of action.

**<u>Intentional and/or Negligent Infliction of Emotional Distress</u>**

In the State of Missouri, recovery for emotional distress as an independent tort is not permitted where such recovery would be duplicitive of the recovery for another claim arising out of the same conduct. *Nazeri v Missouri Valley College*, 860 S. W. 2d 303, 316 (Mo. 1993). "A separate emotional distress claim could be supported by pleading some additional wanton and outrageous act of the defendant." *Id.* The defendant submits that the plaintiff's claim for intentional infliction of emotional distress arises out of the same conduct which forms the basis for the plaintiff's assault claim, and, therefore, the applicable statute of limitations is that of the assault claim, which is two years under § 516.140.[1] The plaintiff, on the other hand, submits that he has stated additional wanton and outrageous acts in his complaint supporting a separate emotional distress claim from his assault claim, and that, the five year statute of limitations in

---

[1] Under Missouri law, as discussed above, the statute of limitations only began to run on plaintiff's twenty-first birthday.

4

§ 516.120(4) is applicable. See *Ridder v. Hibsch*, 94 S.W. 3d 470, 472 (Mo. App. 2003).

There is no dispute that the plaintiff's tort actions relevant to his occupancy of the Missouri facility accrued when the plaintiff was a minor, and the statute of limitations did not began to run until his 21st birthday. Therefore, the question before the Court is whether the claim for intentional infliction of emotional distress has, as its underlying basis, the same facts set forth for the plaintiff's assault claim, making the two year statute of limitation applicable.

A look to the plaintiff's complaint reflects that the basis for his assault claim is that upon arriving at the Missouri facility, plaintiff informed staff at Mountain Park that he had recently undergone a hernia operation and had not completely recovered. The plaintiff alleges that defendant Sam Gerhardt demanded that he perform physical labor such as hauling firewood at least 100 yards. In support of his intentional and/or negligent infliction of emotional distress claim, the plaintiff complains of lifting heavy stacks of wood shortly after a hernia operation and being made fun of by defendants for complaining about his pain. In addition, the plaintiff complains of verbal abuse from defendants.

To the extent the plaintiff seeks to rely upon the defendants' acts of requiring him to lift wood shortly after his hernia operation, the defendant is

correct and the plaintiff will not be permitted to submit such proof at trial since any such claim would be duplicative of his assault claim. Nevertheless, the plaintiff has alleged actions of the defendants in addition to those allegations supporting his assault claim, and therefore, the Court is of the opinion that the five year statute of limitations of Mo. Rev. Stat. § 516.120 is applicable to the remainder of his intentional infliction of emotional distress claims related to the Mountain Park facility.

To the extent that the plaintiff can only prove that infliction of emotional distress was through negligence, Missouri law provides that the negligence statute of limitations is applicable, which statute of limitations is two years and which expired prior to the filing of the plaintiff's suit. *See K. G. v. R. T. R.*, 918 S.W. 2d 795 (Mo. 1996).

The plaintiff did not respond to defendants' motion to dismiss his emotional distress claims to the extent the claims are related to the Palm Lane facility, and thus the defendants' motion shall be granted as to those allegations.

**Breach of Contract/Fraudulent Misrepresentation**

The plaintiff's complaint sets forth a joint claim of fraudulent misrepresentation and breach of contract. Plaintiff's breach of contract claim is premised on the plaintiff being a third party beneficiary of an agreement between

the plaintiff's parents and the defendants that he would receive beneficial treatment from Palm Lane and that he would receive an accredited high school diploma from Palm Lane upon his graduation. The plaintiff alleges that Palm Lane was not accredited, and that despite having received a diploma from Palm Lane, he had to get a GED in order to be accepted into college. The plaintiff further alleges that the defendants made fraudulent misrepresentations about accreditation and program quality.

Under Fla. Stat. Ann. § 95.11(3)(j), the statute of limitations for an action founded on fraud is four years. Since the plaintiff left Palm Lane in August, 2001, the latest date on which he could have filed a cause of action for fraud would have been August 31, 2005, which expired prior to the filing of this suit. Accordingly, the plaintiff's claim for fraudulent misrepresentation will be DISMISSED.

The defendant argues that the plaintiff's breach of contract claim must also be dismissed as being subject to a four year statute of limitations under Fla. Stat. Ann. § 95.11(3)(k). The plaintiff submits that the plaintiff was a third party beneficiary to the contract with his parents and that a five year statute of limitation under Fla. Stat. Ann. § 95.11(2)(b) is applicable. The five year statute of limitations is applicable to actions on a contract founded on a written instrument,

7

while the four year statute of limitations applies to contracts not founded on a written instrument.  Plaintiff submits in his response to the motion to dismiss that the plaintiff's guardians did enter into a written instrument with the defendants.  While nothing in the complaint clearly sets forth that plaintiff's guardians did enter into a written contract, nothing in the complaint indicates that their contract was not written.  Accordingly, construing the allegations of the complaint most favorably to the plaintiff, the Court must deny the defendants' motion to dismiss as to plaintiff's breach of contract claim.

**<u>Negligence</u>**

The defendants argue that the plaintiff's negligence section of his complaint states a claim for malpractice by a healthcare provider, which requires that in cases in which the person bringing the action is a minor less than 18 years of age, the minor will have till his 20th birthday to bring the action. Mo. Rev. Stat. § 516.105.  However, while the plaintiff's complaint does reference negligent medical care, the plaintiff does not claim that defendants were medical personnel.  Instead, the plaintiff's complaint sets forth various negligence claims against the defendants which include failing to provide training for personnel sufficient to prevent injury to the students and not providing proper care for illnesses.  Therefore, as submitted by the plaintiff, the applicable statute of limitations for the

negligence claims pursuant to Mo. Rev. Stat. § 516.120 is five years. Accordingly, the defendants' motion to dismiss the plaintiff's negligence claim as related to the Mountain Park facility will be denied.

The plaintiff did not respond to the defendants' motion to dismiss his negligence claims as to the Palm Lane facility, and therefore, those claims will be DISMISSED.

For the foregoing reasons, the defendants' motion to dismiss will be GRANTED in part and DENIED in part. An order consistent with this opinion shall enter.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE