**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | |
|---|---|---|
| **WILLIAM CAVITT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Docket No. 2:06cv80** |
| | ) | **Judge Greer/Judge Inman** |
| **BOB WILLS, AKA BOBBY RAY WILLS, AKA W. B. WILLS; BETTY SUE WILLS; SAM GERHARDT, AKA S. L. GERHARDT; DEBORAH GERHARDT, AKA DEBBIE GERHARDT, D/B/A MOUNTAIN PARK BOARDING ACADEMY, AARON SMITH, AND PALM LANE BAPTIST CHURCH, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CONCISE STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE FOR TRIAL**

1. William Cavitt ("Plaintiff") was a student at Mountain Park Baptist Boarding Academy in Missouri ("Mountain Park") from August, 1999 until August 2000. Affidavit of Bobby Ray Wills ("Wills Aff.") ¶ 4, Ex. 3 (Application for admission to Mountain Park) and ¶ 5, Ex. 5 (Admission/Discharge Form).

**RESPONSE:**

2. Plaintiff's date of birth is April 22, 1982. He was seventeen when he enrolled at Mountain Park. Deposition of William Cavitt ("Cavitt Depo.") p. 58, 53.

**RESPONSE:**

3. Plaintiff turned eighteen before graduating from Mountain Park but chose to stay on to complete his education. Cavitt Depo. p. 53-54.

**RESPONSE:**

4. Plaintiff was a student at Palm Lane Baptist Boarding Academy ("Palm Lane") from August 2000 until graduating on May 31, 2001. Wills Aff. ¶ 5, Ex. 5 (Admission/Discharge Form); see also Cavitt Depo. at 61, 82.

**RESPONSE:**

5. After receiving his diploma from Palm Lane, Plaintiff stayed on as a staff member. Cavitt Depo. p. 61; Wills Aff. ¶ 10.

**RESPONSE:**

6. Plaintiff worked as a staff member at Palm Lane from May 31, 2001 until the summer of 2001. Cavitt Depo. p. 61-62.

**RESPONSE:**

7. Plaintiff left his staff job at Palm Lane because his father had a stroke and Plaintiff needed to care for him. Cavitt Depo. p. 62.

**RESPONSE:**

8. Plaintiff currently resides in San Francisco, California with his girlfriend. Cavitt Depo. p. 22-23.

**RESPONSE:**

9. After leaving Palm Lane, Plaintiff attended Nichols State University in Louisiana for approximately two months. He left before finishing a semester because of the demands of working and caring for his father. Cavitt Depo. p. 42-43.

**RESPONSE:**

10. Plaintiff has also attended City College of San Francisco in California for less than a semester. He left before finishing the semester because he had to work to pay his rent. Cavitt Depo. p. 41-42.

**RESPONSE:**

11. Plaintiff suffered no bodily harm as a result of any of the actions of Defendants. Plaintiff's Answer to Interrogatory No. 6.

**RESPONSE:**

12. Plaintiff chose to attend Mountain Park. Cavitt Depo. p. 54-55.

**RESPONSE:**

13. Plaintiff did not attend Mountain Park on the order of a juvenile court or other law enforcement authority. Cavitt Depo. p. 54-56.

**RESPONSE:**

14. After turning eighteen, Plaintiff chose to remain at Mountain Park, and later chose to transfer to Palm Lane, to finish his schooling. Cavitt Depo. p. 53, 58-59, 63.

**RESPONSE:**

15. Plaintiff also chose to stay on at the Defendants' schools after turning 18 because he had taken pride in the work he had done at the schools. He "did all that work and [he] wanted to see something, you know, see . . . the fruit of it." Cavitt Depo. p. 83.

**RESPONSE:**

16. Mountain Park and Palm Lane were not accredited by the states of Missouri and Florida, respectively, because of a Biblical conviction against state licensure or accreditation. Parents were informed of this fact prior to enrolling their children and were also informed that the schools were not state-accredited, and that diplomas awarded by the schools might not be accepted by colleges or universities. Wills Aff. ¶ 6.

**RESPONSE:**

17. The policy against seeking state accreditation was in effect at Mountain Park and Palm Lane during the time when William Cavitt enrolled in and attended Mountain Park and Palm Lane. Wills Aff. ¶ 7.

**RESPONSE:**

18. Plaintiff learned grammar, math, sciences, and religious doctrine while at Mountain Park. Cavitt Depo. p. 116.

**RESPONSE:**

Respectfully submitted,

**KENNERLY, MONTGOMERY & FINLEY, P.C.**

s/ Rebecca B. Murray
Brian H. Trammell, BPR #010140
Rebecca B. Murray, BPR #011622
Attorney for Defendants
4th Floor, Bank of America Center
550 Main Street
Knoxville, Tennessee 37902
865/546-7311

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2007, a copy of the foregoing Concise Statement of Material Facts as to Which There is No Genuine Issue for Trial was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

**KENNERLY, MONTGOMERY & FINLEY, P.C.**

s/ Rebecca B. Murray